# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher M. Caputo,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-17-00906-PHX-SPL (JZB)<br><br>**REPORT AND RECOMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

Petitioner Christopher M. Caputo has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.     SUMMARY OF CONCLUSION**

Petitioner was sentenced on June 10, 2015 and he did not file a timely PCR petition in trial court. Petitioner was required to file his Petition by September 15, 2016. The Petition was not filed until March 24, 2017. Because there are no grounds for statutory or equitable tolling, the Court concludes that Petitioner's claims are untimely. Petitioner is not entitled to equitable tolling because he has not identified extraordinary circumstances that prevented him from filing his claims, and he has not diligently pursued his claims. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II. BACKGROUND

### a. Facts and Proceedings

The Presentence Report includes a summary of the underlying facts of Petitioner's offense:

> On January 5, 2013, Tempe Police responded to a call of a molestation. [Victim A's mother] told officers her ex-husband, the defendant[,] was staying in her apartment when he masturbated next to their nine year old daughter, Victim A. During a forensic interview, Victim A told investigators the defendant exposed his penis to her and climbed into the bed next to her. Once there, he masturbated next to her and ejaculated. The defendant got out of the bed and touched Victim A's vagina through her pajama bottoms. During questioning, the defendant admitted exposing his penis to Victim A, having her touch his penis, and pulling down her pajama bottoms and inserting his finger into her vagina. He also admitted masturbating and ejaculating next to her in bed. He told officers he has sexual fantasies about his daughter and recently started to ask her if she wanted to see his penis.

(Doc. 6, Ex. K, at 2-3.)

### b. Plea and Sentencing

On May 7, 2015, Petitioner pleaded guilty to one count of sexual conduct with a minor, a dangerous crime against children in the first degree (count one), one count of attempt to commit molestation of a child, a dangerous crime against children in the second degree (count two), and one count of public sexual indecency (count three). (Doc. 6-1, Ex. C, at 14.) On June 10, 2015, the trial court sentenced Petitioner to the stipulated term of 27 years imprisonment on count one and consecutive lifetime probation on counts two and three. (Doc. 6-1, Ex. D, at 19.)

### c. Post-Conviction Relief Proceedings

#### i. Trial Court

On December 24, 2015, Petitioner filed a motion for post-conviction relief ("PCR"). (Doc. 6-1, Ex. E, at 24.) On March 31, 2016, the superior court dismissed the Rule 32 proceeding as untimely. (Doc. 6-1, Ex. F, at 32.) The court found Petitioner failed to adequately explain why the claims were untimely. (*Id*. at 33.)

#### ii. Arizona Court of Appeals

On May 17, 2016, Petitioner filed a motion for post-conviction relief in the

Arizona Court of Appeals. (Doc. 6-1, Ex. G, at 35.) Petitioner did not address that the trial court dismissed his PCR proceedings as untimely. On June 1, 2016, the Arizona Court of Appeals dismissed the motion as untimely. The Court wrote:

> A review of the record in this matter indicates that the trial court dismissed the petition for post-conviction relief on March 31, 2016, and the petition for review was not filed until May 22, 2016. The petition for review was not filed within 30 days of the trial court's final decision disposing of the petition for post-conviction relief proceedings. *See* Ariz. R. Crim. P. 32.9(c). A petitioner who seeks appellate court review of the actions of the trial court must file a petition within 30 days after the final decision of the trial court. Whether petitioner was without fault for the untimely filing is a question of fact. The trial court may, "after being presented with proper evidence, allow a late filing" if it finds that petitioner was not responsible for the untimely filing. *See State v. Pope*, 130 Ariz. 253, 255, 635 P.2d 846, 848 (1981). Because the petition for review in this matter was untimely,
> IT IS ORDERED dismissing this matter.

(Doc. 11-1, Ex. L, at 59.)

### iii. Arizona Supreme Court

On July 11, 2016, Petitioner filed a motion for post-conviction relief in the Arizona Supreme Court. (Doc. 6-1, Ex. I, at 44.) Petitioner did not address the trial court finding, or address his untimely filing in the Arizona Court of Appeals. On October 25, 2016, the Arizona Supreme Court denied his motion. (Doc. 6-1, Ex. J, at 50.)

### d. Petitioner's Habeas Petition

On March 24, 2017, Petitioner mailed a Petition for Writ of Habeas Corpus. (Doc. 1.) Petitioner raises three grounds for relief. "In Ground One, Petitioner alleges that his due process rights were violated by his sentence under state mandatory sentencing statutes. In Grounds Two and Three, Petitioner alleges that he received the ineffective assistance of counsel where counsel did not request a mitigation hearing and where his attorney advised him to enter into a plea agreement providing for a maximum sentence." (Doc. 3.)

On May 10, 2017, Respondents filed a Response. (Doc. 6.) Petitioner did not file a Reply.

## III. DISCUSSION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United Sates. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. Whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims.

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the superior court dismissed Petitioner's PCR petition on March 31, 2016 as untimely. (Doc. 6-1, Ex. F, at 32.) Because Petitioner pleaded guilty, his first PCR proceedings were equivalent to direct review. *Summers v. Schiro*, 481 F.3d 710, 716-17 (9th Cir. 2007) ("Because a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R. Crim. P. 32.4(a)). Petitioner was afforded five additional days under Ariz. R. Crim. P. 1.3(a).

Petitioner initiated Rule 32 proceedings "more than two months" after the 90-day deadline. (Doc. 6-1, Ex. F, at 32.) Petitioner did not bring a Rule 32 proceeding within the time permitted, which is why it was dismissed as untimely by the trial court. Accordingly, his time for direct review expired 95 days after sentencing. He was sentenced on June 10, 2015, and thus his time for such review expired on September 14, 2015. His one year habeas statute of limitations began running thereafter, on September 15, 2015, and expired one year later, on September 15, 2016. Therefore, the habeas

Petition was due on or before September 15, 2016, absent statutory or equitable tolling. The Petition was not filed until March 24, 2017. (Doc. 1.)

### i. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a PCR notice is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

But a state PCR petition that is not filed within the state's required time limit is not "properly filed," and, therefore, a petitioner is not entitled to statutory tolling during those proceedings. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under the AEDPA's tolling provision).

Here, Petitioner did not properly file PCR proceedings. Accordingly, Petitioner is not entitled to statutory tolling.

### ii. Equitable Tolling

Petitioner is not entitled to equitable tolling because he has not shown extraordinary circumstances and that he diligently pursued his claims. "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). Petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action.

*Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

Here, Petitioner filed an untimely PCR petition in trial court. Petitioner then filed an untimely Petition before the Arizona Court of Appeals. When Petitioner filed his petition for review before the Arizona Court of Appeals, Petitioner did not discuss untimeliness. When the Arizona Court of Appeals denied review, it directed Petitioner to file a motion before the trial court if he wished to argue he "was without fault for the untimely filing[,]" (doc. 6-1, Ex. H, at 42), but Petitioner filed nothing in the state courts to do so. In the habeas Petition, Petitioner does not argue that he is entitled to equitable tolling. In the Response, Respondent argues Petitioner is not entitled to equitable tolling. (Doc. 6 at 8-9.) Petitioner did not file a reply. Petitioner has not argued, and the record does not demonstrate, that he is entitled to equitable tolling.

## IV. CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will recommend that the Petition for Writ of Habeas Corpus (doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244 (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and

leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of September, 2017.

Honorable John Z. Boyle
United States Magistrate Judge