IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher M. Caputo,<br><br>          Petitioner,<br>v.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CV-17-00906-PHX-SPL<br><br>**ORDER** |

The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and Respondents' Limited Answer. (Doc. 6.) We also have before us the Report and Recommendation (R&R) of United States Magistrate Judge John Z. Boyle (Doc. 7), recommending denial of the Petition, Petitioner's Objections (Doc. 8), and the Respondents' Response to the Petitioner's Objections to the Report and Recommendation. (Doc. 9.) Upon review of the R&R and the parties' submissions, the Court will adopt in whole Judge Boyle's recommendations and the underlying reasoning.

The Petitioner raises 3 grounds for relief in his Petition for Writ of Habeas Corpus. In *Ground 1*, the Petitioner argues his sentence was illegal under Arizona Revised Statute 13-702; *Ground 2*, the Petitioner argues the ineffective assistance of counsel for failure to request a mitigation hearing; and *Ground 3*, the Petitioner argues trial counsel was ineffective because counsel advised Petitioner to sign a plea for a maximum sentence. (Doc. 1.)

Judge Boyle concluded the Petitioner's claims are untimely. (Doc. 7 at 2-6.)

Additionally, the magistrate judge further concluded that the Petitioner has not argued, and the record does not demonstrate, that the Petitioner is entitled to equitable tolling. (*Id.* at 6.)

In his Objections to the Report and Recommendation, Petitioner argues his lawyer told him that post-conviction proceedings did not apply to Petitioner; Petitioner was not advised to the contrary until the time limit had passed; and his application was delayed because he did not have relevant court documents. (Doc. 8 at 1-2.) Additionally, Petitioner argues further delay was caused because Petitioner was looking for additional case law to try to excuse his late filing. (*Id.*)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record and the objections to the findings and recommendations in the very detailed R&R, without the need for an evidentiary hearing. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Boyle. Specifically, the Court finds the Petitioner was sentenced almost two years prior to the filing of his Petition and no grounds exists that would entitle the Petitioner to equitable

tolling. (Doc. 6-1, Ex. E, F, G and I.) The Court finds the claims of the Petitioner are untimely and that no extraordinary circumstances prevented him from filing his claims. Furthermore, the Court finds he is not entitled to equitable tolling.

Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. Finding none of Petitioner's objections have merit, the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 7) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 8) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 30th day of October, 2017.

Honorable Steven P. Logan
United States District Judge